UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE AMY ST. EVE

UNITED STATES OF AMERICA

v.

HU XIAOJUN, also known as "Tony Hu"

16CR 316

MAGISTRATE JUDGE GILBERT

Violations: Title 18, United States Code, Sections 1343 and 1957(a)

FILED
MAY 13 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COUNT ONE

The UNITED STATES ATTORNEY charges:

1. At times material to this information:

    a. Defendant Hu Xiaojun, also known as "Tony Hu," was a restaurateur who operated Chinese-cuisine restaurants located in the Chicago area in which he had an ownership interest, including:

        i. Chinese Culinary Institute Of America, Inc., doing business as Lao Sze Chuan, which was located at 1331 West Ogden Avenue, Downers Grove, Illinois;

        ii. Lao Sze Chuan, Inc., doing business as Lao Sze Chuan, which was located at 2172 South Archer Avenue, Chicago, Illinois;

        iii. SNL Curry Concepts, LLC, doing business as Lao Sze Chuan, which was located at 4832 North Broadway Street, Chicago, Illinois;

        iv. Tony Gourmet Group Inc., doing business as Lao Beijing, which was located at 2138 South Archer Avenue, Chicago, Illinois;

        v. Tony Gourmet Group II, Inc., doing business as Lao Shanghai, which was located at 2163 South China Place, Suite 1F, Chicago, Illinois;

      vi.      Tony Gourmet Group III, Inc., doing business as Lao You Ju, which was located at 2002 South Wentworth Avenue, Unit 100, Chicago, Illinois;

      vii.      JLK Chicago LLC, doing business as Lao Ma La, which was located at 2017 South Wells Street, Chicago, Illinois;

      viii.      Lao Hunan International Inc., doing business as Lao Hunan, which was located at 2230 South Wentworth Avenue, Chicago, Illinois; and

      ix.      Lao Yunnan, Inc., doing business as Lao Yunnan, which was located at 2109 South China Place, Chicago, Illinois.

    b.    The Illinois Department of Revenue was a department of the State of Illinois, responsible for administering and enforcing the tax laws of the State of Illinois.

    c.    The restaurants listed above were required to file Form ST-1 Sales and Use Tax and E911 Surcharge Returns (Form ST-1) on a monthly basis with the Illinois Department of Revenue, on which forms the restaurants were required to report gross receipts and state sales tax due.

    d.    Illinois law required the restaurants to keep cash register tapes and other data providing a daily record of the amount of their gross sales for a period of time.

    2.    Beginning no later than in or about January 2010 and continuing to at least approximately September 2014, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

HU XIAOJUN, also known as "Tony Hu," defendant herein, did knowingly and intentionally devise and participate in a scheme to defraud the Illinois Department of Revenue, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that defendant Hu operated the restaurants and caused others to operate the restaurants in a manner to collect sales tax from customers while fraudulently concealing and withholding from the Illinois Department of Revenue a portion of the sales tax collected, namely, sales tax for transactions in which customers paid in cash.

4. It was further part of the scheme that defendant Hu caused restaurant managers and employees to generate daily summaries of restaurant sales, which consisted of individual customer receipts for each sale transaction, along with a close-out report, also known as a "z-tape," that reflected daily summaries of the restaurants' sales, including cash sales. Defendant collected and caused the collection of cash receipts and daily transaction summaries from the restaurants.

5. It was further part of the scheme that defendant Hu modified the restaurants' sales records and caused the restaurants' sales records to be modified in order to conceal cash transactions that had occurred at the restaurants. Defendant and others discarded the restaurants' close-out reports (the z-tapes), as well as most of the transaction receipts for the restaurants' cash sales. Once receipts for cash transactions were removed, defendant calculated and caused

others to calculate the total amount of sales reflected in the remaining receipts for each restaurant in order to generate a fraudulent sales figure, one that omitted the majority of each individual restaurant's cash sales. Defendant recorded and caused others to record these fraudulent reduced sales figure on the modified sales records.

6. It was further part of the scheme that defendant Hu hid cash sales from the Illinois Department of Revenue by withholding cash and directing others to withhold cash generated by the restaurants' cash sales from the restaurants' corporate bank accounts in order to avoid generating financial records of cash receipts. Defendant used cash generated from the restaurants' sales and directed others to use cash generated from the restaurants' sales to pay the restaurants' employees and suppliers without recording those expenses in the restaurants' books and records.

7. It was further part of the scheme that defendant Hu deposited and caused others to deposit cash generated by the restaurants' sales into defendant's personal bank account, which defendant used to pay personal expenses.

8. It was further part of the scheme that defendant Hu caused to be filed false Form ST-1s with the Illinois Department of Revenue, which Form ST-1s defendant knew to contain material misrepresentations in that they substantially underreported the sales at the restaurants, specifically cash sales.

9. It was further part of the scheme that defendant Hu concealed and hid and caused to be concealed and hidden the acts done and the purposes of the acts done in furtherance of the scheme.

10. On or about June 11, 2014, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

HU XIAOJUN, also known as "Tony Hu,"

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, and signals, namely an email communication containing false May 2014 sales figures for restaurants Lao You Ju, Lao Beijing, Lao Sze Chuan (Chicago), and Lao Sze Chuan (Downers Grove);

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The UNITED STATES ATTORNEY further charges:

On or about August 2, 2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

                HU XIAOJUN, also known as "Tony Hu,"

defendant herein, knowingly engaged and attempted to engage in a monetary transaction in criminally derived property of a value greater than $10,000, which property was derived from specified unlawful activity, namely wire fraud as described in Count One;

In violation of Title 18, United States Code, Section 1957(a).

## **FORFEITURE ALLEGATION**

The UNITED STATES ATTORNEY alleges:

1.  Counts One and Two are incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2.  As a result of his violations of Title 18, United States Code, Sections 1343 and 1957(a), as alleged in the foregoing information,

HU XIAOJUN, also known as "Tony Hu,"

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all right, title and interest he may have in property, real and personal, which was involved in or constitutes and was derived from proceeds traceable to the charged offenses.

3.  The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), include, but are not limited to, the total amount of sales tax withheld from the Illinois Department of Revenue.

4.  If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third party;

   c.  has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1);

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

*Zachary T. Fardon by JBP*
UNITED STATES ATTORNEY